Opinion issued April 29, 2003

















In The

Court of Appeals

For The

First District of Texas






NO. 01-02-00679-CV






RELIANT ENERGY, INC., Appellant


V.


JANNETE GONZALEZ, AS DEPENDENT ADMINISTRATOR OF THE
ESTATE OF GUADALUPE GONZALEZ, JR., DECEASED, Appellee


* * * * *






NO. 01-02-01054-CV






JANNETE GONZALEZ, AS DEPENDENT ADMINISTRATOR OF THE
ESTATE OF GUADALUPE GONZALEZ, JR., DECEASED, Appellant


V.


RELIANT ENERGY, INC., Appellee






On Appeal from the 113th District Court

Harris County, Texas

Trial Court Cause No. 2002-21820






DISSENTING OPINION


 I respectfully dissent from the majority opinion affirming the trial court's order
granting Reliant's application for a temporary anti-suit injunction.

 I join Justice Mirabal's dissent, and I write separately to emphasize that, when
the legislature enacted sections 5A and 5B of the Probate Code, (1) I believe it intended
to place all matters "pertaining to and incidental to an estate" in the probate courts. 
I believe that, until now, all courts have agreed with this conclusion.

 To insure that its intent was made clear and properly enforced, the legislature
authorized the statutory probate court to transfer to itself any cases pertaining to or
incidental to an estate pending in other courts, specifically district courts. It appears
that this authorization to transfer gave the court the authority to transfer from any
court in Texas a case or cases to itself because the statute does not restrict the
authorization to courts located in the same county as the probate court ordering the
transfer. Thus, the effect of the statute is to confer venue on the statutory probate
court for the entire state on matters pertaining to or incidental to an estate.

 To hold that the statutory probate court in Hidalgo County in this case does not
have venue, as the majority states, would, in effect, mean that such court could only
transfer to itself cases from other courts located in Hidalgo County. This, I believe,
defeats the intent of the legislature.

 To the contention that section 15.007 of the Civil Practice and Remedies Code (2)
conflicts with and controls over provisions in the Probate Code pertaining to venue,
I see no conflict because there are no venue provisions in the Probate Code applicable
to this case. The legislature has made it clear that it wants all matters pertaining to
and incidental to an estate placed under the "umbrella" and authority of statutory
probate courts. So be it.

 For these reasons, I believe the September 6, 2002 order of the trial court
should be reversed, and I dissent from the majority opinion.



 Jackson B. Smith, Jr. (3)

 Justice


Panel consisted of Justices Mirabal, (4) Taft, and Smith on original submission of cause
number 01-02-00679-CV.


En banc consideration was requested. Tex. R. App. P. 41.2(c).


A majority of the Court voted to grant en banc consideration.


The en banc Court, on original submission of cause number 01-02-00679-CV,
consisted of Justices Mirabal, Taft, Nuchia, Jennings, Radack, Keyes, Alcala, and
Smith.


Justice Mirabal, wrote for the majority of the en banc Court on original submission
of cause number 01-02-00679-CV, joined by Justices Nuchia, Jennings, Radack,
Keyes, and Alcala.


Justice Smith, joined by Justice Taft, dissented on original submission of cause
number 01-02-00679-CV.


Chief Justice Schneider (5) and Justice Hedges, did not participate on original
submission of cause number 01-02-00679-CV.


Motion for rehearing was filed in cause number 01-02-00679-CV.


The en banc Court on rehearing of cause number 01-02-00679-CV and on original
submission of cause number 01-02-01054-CV consists of Chief Justice Radack and
Justices Hedges, Taft, Nuchia, Jennings, Keyes, Alcala, Mirabal, and Smith.


Justice Jennings, writing for a majority of the en banc Court on rehearing of cause
number 01-02-00679-CV and on original submission of cause number 01-02-01054-CV, joined by Chief Justice Radack and Justices Hedges, Nuchia, and Alcala.


Justice Keyes, concurring on rehearing of cause number 01-02-00679-CV and on
original submission of cause number 01-02-01054-CV.


Justice Mirabal, dissenting on rehearing of cause number 01-02-00679-CV and on
original submission of cause number 01-02-01054-CV, joined by Justices Taft and
Smith.


Justice Smith, dissenting on rehearing of cause number 01-02-00679-CV and on
original submission of cause number 01-02-01054-CV, joined by Justice Taft.


Justices Hanks and Higley, not participating on rehearing of cause number 01-02-00679-CV and on original submission of cause number 01-02-01054-CV.

1. Tex. Prob. Code Ann. §§ 5A, 5B (Vernon 2003). 
2. Tex. Civ. Prac. & Rem. Code Ann. § 15.007 (Vernon 2002).
3. The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First
District of Texas at Houston, participating by assignment.
4. The Honorable Margaret Garner Mirabal, former Justice, Court of Appeals,
First District of Texas, continues to sit by assignment on this case.
5. The Honorable Michael H. Schneider, former Chief Justice, Court of Appeals,
First District of Texas at Houston, was appointed Justice of the Texas Supreme
Court on September 1, 2002 and did not participate in this opinion.